United States District Court
Southern District of Texas

**ENTERED**

May 07, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ORIENT OVERSEAS CONTAINER LINE LIMITED, *et al*,     Plaintiffs, | § § § § § § | CIVIL ACTION NUMBER 4:26-cv-03606 |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| UNITED STATES OF AMERICA, *et al*,     Defendants. | § § § | |

ORDER DENYING
TEMPORARY RESTRAINING ORDER

Pending is an emergency motion by Plaintiffs Orient Overseas Container Line Limited, OOCL (USA) Inc, and OOCL (Europe) Limited, for temporary restraining order and/or preliminary injunction. Dkt 2.

This dispute concerns two proceedings currently pending before the Federal Maritime Commission. Those actions were initiated against Plaintiffs by non-parties in April 2023 and January 2025. Dkt 2 at 6–8.

On April 24, 2026, the presiding ALJ in the earlier-filed action issued an initial decision awarding over $45 million dollars against Plaintiffs. Id at 6–7. Plaintiffs filed this action and the subject emergency motion *after* that adverse ruling, contending that the FMC's administrative adjudicatory structure violates the Appointments Clause of the Constitution. See Dkt 1 at ¶49. Plaintiffs thus seek an emergency order enjoining Defendants United States, Federal Maritime Commission, and the presiding ALJs from continuing the underlying administrative proceedings. See Dkt 2 at 15.

To the extent that Plaintiffs seek an emergency temporary restraining order prior to service on, and a response from, Defendants, the motion is denied. Dkt 2.

A temporary restraining order "is simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v Napolitano*, 2009 WL 2044596, *1 (ND Tex). The party seeking such relief must establish (i) a substantial likelihood of success on the merits, (ii) a substantial threat of irreparable injury if the injunction isn't granted, (iii) the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (iv) the injunction wouldn't disserve the public interest. *Garza v Starr County*, 309 F Supp 3d 454, 456 (SD Tex 2018), citing *Speaks v Kruse*, 445 F3d 396, 399–400 (5th Cir 2006). The Fifth Circuit frequently cautions that granting such relief is the exception—not the rule. *House the Homeless, Inc v Widnall*, 94 F3d 176, 180 (5th Cir 1996). It thus characterizes the burden on the movant as one requiring "the movant to unequivocally show the need for its issuance." *Valley v Rapides Parish School Board*, 118 F3d 1047, 1050 (5th Cir 1997).

Only *irreparable injury* needs to be addressed at present. The very purpose of preliminary injunctive relief is to "prevent irreparable injury" pending a decision on the merits. *Mississippi Power & Light Co v United Gas Pipe Line Co,* 760 F2d 618, 627 (5th Cir 1985). Failure to demonstrate irreparable injury necessarily undermines any entitlement to such relief.

Plaintiffs argue that the "need for relief is urgent" because "Defendants are conducting unconstitutionally structured administrative proceedings against" them. Dkt 2 at 2. They further contend that irreparable injury is met solely because "being subject to an administrative proceeding that violates the Appointments Clause causes irreparable harm." Id at 5. Such assertion is bound up in the merits, which Defendants will ultimately address in response. But even assuming it is true for present purposes, any showing of irreparable injury is significantly

2

undermined by Plaintiffs' unexplained delay in seeking such relief.

> Delay in seeking a remedy is an important factor bearing on the need for a preliminary injunction. Absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief. Evidence of an undue delay in bringing suit may be sufficient to rebut the presumption of irreparable harm.

*Gonannies, Inc, v Goaupair.com, Inc,* 464 F Supp 2d 603, 609 (ND Tex 2006), quoting *Wireless Agents, LLC v T-Mobile USA, Inc*, 2006 WL 1540587, *3 (ND Tex).

The challenged FMC proceedings have been pending for three years and a year and a half, respectively. Nothing explains the delay in bringing this action, except perhaps the recent entry of an adverse decision against them in one such proceeding.

It remains to be determined whether such inaction by Plaintiffs amounts to waiver of the challenges now asserted. But to a certainty, Plaintiffs cannot manufacture their own exigency after having litigated with such challenge before the FMC for years.

\*   \*   \*

The motion by Plaintiffs for emergency temporary restraining order is DENIED. Dkt 2.

The motion for preliminary injunction remains UNDER ADVISEMENT. Dkt 2.

Defendants are ORDERED to respond to the motion for preliminary injunction within twenty-one days of valid service.

SO ORDERED.

Signed on May 7, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge