**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Orient Overseas Container Line Limited, OOCL (USA) Inc., and OOCL (Europe) Limited, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | Civil Action No. 4:26-cv-03606 |
| United States of America, et al, | § § | |
| Defendants. | § | |

**DEFENDANTS' MOTION TO TRANSFER**

Pursuant to 28 U.S.C. § 1406(a), Defendants United States of America; Erin M. Wirth, in her official capacity as an Administrative Law Judge; S. Linda Harris Crovella, in her official capacity as an Administrative Law Judge; and the Federal Maritime Commission hereby move to (1) transfer this case to Utah, because the only domestic Plaintiff's principal place of business is in Utah, or New York, where the domestic Plaintiff is incorporated or, (2) in the alternative, dismiss this case for improper venue.

**NATURE AND STAGE OF THE PROCEEDING**

Plaintiffs Orient Overseas Container Line Limited and OOCL (Europe) Limited are headquartered overseas and Plaintiff OOCL (USA) Inc. is incorporated in New York. Dkt. 1, ¶¶ 4-6. Plaintiffs filed suit on May 5, 2026, seeking declaratory and injunctive relief in connection with two administrative proceedings before the Federal Maritime Commission ("FMC"). *Id.* Specifically, Plaintiffs seek a declaration that the two proceedings before the FMC ALJs are void based on the ALJs' appointment allegedly violating Article II of the

Constitution; a preliminary injunction against Defendants' subjecting OOCL to the two administrative proceedings; an order vacating ALJ Wirth's initial decision in the BBBY proceeding pending the final resolution of this action; and a permanent injunction against Defendants' subjecting OOCL to the two administrative proceedings. *Id.* at 14.

The Court denied Plaintiffs' temporary restraining order on May 7, 2026, held the motion for preliminary injunction under advisement and ordered Defendants to respond to the motion for preliminary injunction within 21 days of valid service. Dkt. 8. Defendants were served on May 7, making Defendants' deadline to respond May 28. Plaintiffs filed a motion for reconsideration on May 12. Dkt. 11. The Court denied the motion for reconsideration, indicating that "[t]he legal points at issue will be considered and resolved with hearing on the motion for preliminary injunction, after Defendants respond" and set a hearing for June 8. Dkt. 12.

Defendants now move under 28 U.S.C. § 1406(a) to transfer this case to Utah or New York where the only domestic Plaintiff resides. Defendants' responsive pleading is due July 6, and Defendants reserve the right to file their answer or otherwise respond to Plaintiffs' complaint by that deadline.

## REGULATORY BACKGROUND

### I.    The Federal Maritime Commission and the Shipping Act

The Federal Maritime Commission is an agency of the United States government with jurisdiction over the administration, interpretation, and enforcement of the Shipping Act of 1984, which regulates competition and conduct in the international carriage of cargo by water. *See generally* 46 U.S.C. §§ 40101-41310. For example, the Shipping Act requires ocean common

carriers like OOCL to use "just and reasonable" practices in the handling of shippers' property, 46 U.S.C. § 41102(c), and carriers are also subject to more specific prohibitions, including in connection with the performance of service contracts, 46 U.S.C. § 41104(a). The FMC promulgates regulations to implement provisions of the Shipping Act, *see* 46 U.S.C. § 46105(a), and it adjudicates administrative complaints alleging violations of the Shipping Act, *see* 46 U.S.C. §§ 41301-41310. In conducting adjudications, the FMC applies its Rules of Practice and Procedure at 46 C.F.R., Part 502.

## II.   OOCL as a Controlled Carrier

Plaintiffs Orient Overseas Container Line Limited and OOCL (Europe) Limited are foreign corporations that have been designated "controlled carriers" by the FMC. *See* Controlled Carrier List, FED. MAR. COMM'N, https://www.fmc.gov/databases-and-publications/controlled-carrier-list/ (last visited May 22, 2026). That designation means that the FMC has determined, pursuant to Congress's directive, that the companies are owned or controlled by the government of a foreign nation. *See* 46 U.S.C. § 40102(9) (defining controlled carriers). Specifically, these plaintiffs are controlled by the People's Republic of China. *See supra*, Controlled Carrier List. Controlled carriers are subject to rate review standards to ensure that they do not unlawfully use their government-supported positions to distort the market. *See* 46 U.S.C. §§ 40701 (rate restrictions), 40702 (rate standards), 40703 (Commission review).

## III.   Judicial Review of FMC Decisions under the Hobbs Act

Congress established an exclusive mechanism for judicial review of Commission actions in the Administrative Orders Review Act, commonly known as the Hobbs Act. *See* 28 U.S.C. §§ 2341-51. That statute provides that the courts of appeals have "exclusive

jurisdiction" to enjoin, set aside, suspend, or determine the validity of "all rules, regulations, and final orders" of the Commission. 28 U.S.C. § 2342(3)(B). The jurisdiction of the courts in such proceedings is broad and includes the power to restrain or enjoin agency orders on an interlocutory basis. *See* 28 U.S.C. § 2349.

## ARGUMENT

### I.    Venue is not proper in this district due to Plaintiff's principal place of business.

Once a defendant moves to transfer based on improper venue by motion, the plaintiff has the burden of proof to sustain venue. *McCaskey v. Cont'l Airlines, Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001). Here, Plaintiffs allege venue under 28 U.S.C. § 1391(e)(1), which provides that a United States officer, employee, or agency can be sued in a judicial district where the plaintiff resides if no real property is involved in the action. *See* Dkt. 1, ¶ 3.

However, 28 U.S.C. § 1391(c)(2) provides that a plaintiff entity resides "only in the judicial district in which it maintains its principal place of business." *See also Citation Oil & Gas Corp. v. Dep't of Interior*, No. CV H-08-1977, 2009 WL 10692957, at *1 (S.D. Tex. Feb. 18, 2009) (venue proper under section 1391(e) at plaintiff's principal place of business). Principal place of business refers to the place where corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). "In other words, it is the location of the corporation's 'nerve center'—which will normally be the place where the corporation maintains its headquarters, provided the headquarters is the actual center of direction, control, and coordination." *Freedom Coal. of Drs. for Choice v. Centers for Disease Control & Prevention*, No. 2:23-CV-102-Z, 2023 WL 9105435, at *3 (N.D. Tex. Nov. 3, 2023) (citing *Hertz*, 559 U.S. at 92–93).

Plaintiffs Orient Overseas Container Line Limited and OOCL (Europe) Limited are headquartered overseas, and Plaintiff OOCL (USA) Inc. is incorporated in New York. Dkt. 1, ¶¶ 4-6. Per OOCL's administrative filings, OOCL (USA) Inc.'s principal place of business is in South Jordan, Utah. *See* Ex. 1, BBBY Verified Compl., FMC Docket No. 23-02[1], *Bed, Bath & Beyond Inc. v. Orient Overseas Container Line Limited and OOCL (Europe) Limited*, at 4, ¶ 14 and Ex. 2, OOCL's Answer, FMC Docket No. 23-02, *Bed, Bath & Beyond Inc. v. Orient Overseas Container Line Limited and OOCL (Europe) Limited*, at 4, ¶ 14 (admitting allegations in paragraph 14 that OOCL (USA) Inc.'s principal place of business is located in South Jordan, Utah); *see also* Local Contacts, Orient Overseas Container Line Limited, https://www.oocl.com/usa/eng/localinformation/localcontacts/saltlakecity/Pages/default. aspx?site=usa&lang=eng (last visited May 28, 2026) (listing Salt Lake City Office as North American headquarters). Because the only domestic Plaintiff's principal place of business is in Utah, this case should be transferred to Utah. Alternatively, this case should be transferred to the domestic Plaintiff's place of incorporation, New York.

In the alternative, this case should be dismissed for improper venue. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

---

[1] Filings in the administrative matter are available at:
https://www2.fmc.gov/ReadingRoom/proceeding/23-02/

## CONCLUSION

For the foregoing reasons, Plaintiffs' complaint should be transferred to Utah or New York, or, in the alternative, dismissed for improper venue pursuant to 28 U.S.C. § 1406(a).


Dated: May 28, 2026                                    Respectfully submitted,

                                                       JOHN G.E. MARCK
                                                       Acting United States Attorney

                                                       By: */s/ Myra Siddiqui*
                                                       Myra Siddiqui
                                                       Assistant United States Attorney
                                                       Southern District No. 3257790
                                                       Texas Bar No. 24106434
                                                       1000 Louisiana, Suite 2300
                                                       Houston, Texas 77002
                                                       Tel: (713) 567-9600
                                                       Fax: (713) 718-3300
                                                       E-mail: myra.siddiqui@usdoj.gov

## CERTIFICATE OF CONFERENCE

I certify that on May 26-28, 2026, I conferred with counsel for Plaintiffs via email and telephone. Plaintiffs oppose the foregoing motion.

> */s/ Myra Siddiqui*
> Myra Siddiqui
> Assistant United States Attorney

## CERTIFICATE OF WORD COUNT

I certify that the foregoing is 1,278 words, excluding the portions excepted by Local Rule 18(c).

> */s/ Myra Siddiqui*
> Myra Siddiqui
> Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on May 28, 2026, the foregoing was filed and served on counsel for Plaintiffs through the Court's CM/ECF system.

> */s/ Myra Siddiqui*
> Myra Siddiqui
> Assistant United States Attorney